UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL JOHN MODENA,            )
                                )
            Petitioner,          )   Case No. 1:09-cv-1034
                                )
v.                              )   Honorable Paul L. Maloney
                                )
MIKE MERCER,                    )
                                )   **REPORT AND RECOMMENDATION**
            Respondent.          )
_____)

This purports to be a habeas corpus proceeding brought by a federal prisoner pursuant to 28 U.S.C. § 2241. Petitioner, Michael John Modena, was convicted by a jury on November 18, 2009, on charges of unlawful possession of firearms and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1), and possession of firearms and ammunition by a person convicted of a domestic violence misdemeanor, 18 U.S.C. § 922(g)(9). District Judge Janet T. Neff has scheduled sentencing for March 8, 2010. (*United States v. Modena*, case no. 1:09-cr-37).

Shortly before his jury trial commenced, petitioner filed the present action, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition sets forth in conclusory fashion numerous alleged violations of petitioner's federal rights, including abridgement of his rights under the Fourth, Fifth, Sixth, and Eighth Amendments arising from his treatment in *United States v. Modena*. This matter has been referred to me for purposes of review of the record and the issuance of a report and recommendation on all dispositive matters. In reviewing a section 2241 petition, the court is empowered to apply the Rules Governing Section 2254 Cases in the United States District

Courts. *See* RULE 1(b), RULES GOVERNING SECTION 2254 CASES. Rule 4 of the section 2254 rules requires the court to promptly examine a habeas corpus petition and to dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 10 authorizes a magistrate judge to perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636.

## Discussion

Mr. Modena's attempt to challenge the fact of his confinement by a petition brought under 28 U.S.C. § 2241 is improper. The appropriate avenue for a federal prisoner to seek relief from a conviction is by direct appeal. The Sixth Circuit has held that a petition for writ of habeas corpus under section 2241 is not generally an appropriate method to challenge the validity of a federal conviction. *See Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. 1998). The appropriate method for bringing a collateral attack against a federal conviction is by motion brought under 28 U.S.C. § 2255. *Id.* at 1123; *see Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Pursuant to the "savings clause" of section 2255, a federal prisoner may bring a claim challenging his conviction or sentence under section 2241, but only if it appears that the remedy afforded under section 2255 is "inadequate or ineffective to test the legality of his detention." *Chandler*, 180 F.3d at 756. It is a petitioner's burden to establish that his remedy under section 2255 is inadequate or ineffective. *Id.* The court has noted that the remedy afforded under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. *Id.* at 758. Petitioner has not alleged any reason why a direct appeal, or a section 2255 motion brought thereafter, would be inadequate or ineffective.

In short, the present action is an impermissible collateral attack on the proceedings now pending before Judge Neff in *United States v. Modena*. This is not the first time that petitioner has attempted to disrupt those proceedings by bringing frivolous or inappropriate claims. The record in *United States v. Modena* shows that petitioner has deluged the court with frivolous filings and has filed a meritless mandamus petition in the Court of Appeals. The appropriate remedy for any abridgement of petitioner's rights in *United States v. Modena* is a direct appeal to the Court of Appeals after final judgment has been entered. Petitioner may not circumvent the regular appellate process by bringing inappropriate habeas corpus petitions, whether invoking section 2241 or section 2255.

### Recommended Disposition

Upon initial review of the petition under Rule 4, I conclude that petitioner is not entitled to seek relief under section 2241. I therefore recommend that the petition be dismissed.

Dated: December 21, 2009            /s/ Joseph G. Scoville
                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).